Nelson, J.,
delivered the opinion of the Court.
It has been, repeatedly and through a long series of • years, announced by this Court, that the statutes which authorize judgments by motion, are in derogation of the common law, and should be construed strictly, and that all the facts necessary to give the Court jurisdiction, should be set forth in the judgment. In this case, it is alleged that the judgment, by motion, was rendered against the plaintiff in error, who, it is said, was the .successful party in a suit in the Circuit Court of. Jefferson county, for costs which could not be collected out of the defendant.
The defendant in error was Clerk of said Court, and *429 it is argued that he was entitled to his judgment, by motion, under the Code, 3204, which provides that, “all costs accrued at the instance of the - successful party, which cannot be collected out of the other party, may be recovered, on motion, by the persons entitled to them against the successful party.” The case is entitled, “Alexander Stuart v. James C. Bradford,” and it is stated in the judgment that, in this cause, Samuel S. McCuistion, Clerk of this court, produced in open court the following items of costs; and various items are then set out, including State tax, Clerk’s, Sheriff’s, Justice’s and witness’ fees — amounting, in the aggregate, to the sum of $42.20. The judgment, on motion, then proceeds as follows: “Fi. fa. returned; nothing made, as defendant is a volunteer. August 5, 1861. N. B. Swan, Dep’ty Sheriff;” and moved the Court for judgment against the said Alexander Stuart, the successful party, alleging that execution had been issued against the defendant, J. C. Bradford, and that nothing could be made, and that Bradford had left the State, and had left no property, real or personal, within the jurisdiction of this Court; and that the said Bradford is wholly insolvent. And it appearing to the Court that the allegations of the Clerk are all true, it is therefore considered by the Court, that the said Samuel S. McCuistion recover of the said Alexander Stuart the sum of forty-two dollars and twenty-two cents, together with the costs of this motion,” &c., &c.
We hold this judgment to be utterly null and void, for various .reasons:
1. It does not show how, or in what court the case of Alexander Stuart against James C. Bradford was pend *430 ing, when it was determined, or in whose favor, except by implication, or when or by whom the execution was issued. ,
2. It does not show that the execution was produced in court, but simply states that the plaintiff, in the motion, produced the “following items of costs.”
3. It does not recite a sufficient return, or show that search was made and no property found, so as to make the fact clearly appear that the costs could not be collected out of the other party.
4. The statute does not give the remedy to the Clerk for all the costs, but, gives it to the persons entitled to them; and the Clerk had no authority to enter a motion or obtain a judgment, for anything more than his own cost, even if the case had been properly described.
It is true that the bill of exceptions filed in behalf of the plaintiff in error, purports to exhibit the execution; and a paper purporting to be an execution is copied into the record; but it is not so idétitified as to become part thereof; and even if it were, the defective judgment can not be aided by the evidence in the bill of exceptions; nor can we, in a case like this, where no security for the costs of the suit was given, as contemplated by the Code, 3189, and where the motion is so defectively entered, either correct the judgment or remand the cause for amendment. If the appearance of the plaintiff in error, by counsel, in the court below and in this court, can, in a summary proceeding, amount to a waiver of notice, it would create no obligation to appear again in the court below, and waive notice of a new motion, or of such an amendment of the present *431 motion as would be equivalent to the commencement of a new suit.
Let the judgment be reversed, and the motion dismissed.